RECEIVED

FEB - 7 2012

TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

JOHN EMERSON TUMA &
CODY MONTGOMERY TUMA

CRIMINAL NO. 11-00031
JUDGE TOM STAGG

### ORDER

Before the court is a motion in limine filed by the United States of America ("the government"). See Record Document 44. The defendants are charged with one count of conspiracy, three counts of violating the Clean Water Act, and one count of obstruction of an Environmental Protection Agency inspection. The government seeks to exclude evidence from trial that: (1) relates to any lack of environmental harm resulting from the defendants' discharges; and (2) relates to the operation and efficacy of the defendants' treatment system at the facility. The government argues that the degree of environmental harm is not relevant to any of the charges before the court, and what the court should be concerned with is whether a pollutant was discharged in violation of a permit or without a permit. The government also argues that evidence regarding the operation or efficacy of the defendants' treatment system

is not relevant to the charges. In count two of the indictment, the defendants are charged with violating a permit by discharging wastewater other than the sampled contents of Tank B1. In counts three and four, the defendants are charged with discharging wastewater into the Red River without a permit. The government argues that regardless of whether the wastewater actually discharged had been processed by the treatment system or regardless of the degree that the wastewater was treated, the operation and efficacy of the defendants' treatment system is irrelevant to the charges in the indictment.

After considering the parties' arguments, the court makes the following rulings:

**IT IS ORDERED** that the government's motion is **GRANTED** to the extent that evidence which relates to lack of environmental harm is inadmissible at trial. Environmental harm is not required to prove any of the offenses with which the defendants are charged, nor does such evidence support any valid defense. See Chevron, U.S.A., Inc., v. Yost, 919 F.2d 27, 30 (5th Cir. 1990); see also Minnehaha Creek Watershed Dist. v. Hoffmann, 597 F.2d 617, 626-27 (8th Cir. 1979). Accordingly, such evidence is irrelevant pursuant to Federal Rule of Evidence 401.[1] The defendants are prohibited from presenting at trial any evidence relating to

---

[1] Even if evidence of environmental harm were relevant, the court finds that such evidence should still be excluded pursuant to Federal Rule of Evidence 403.

environmental harm or the lack thereof.

**IT IS FURTHER ORDERED** that the government's motion is **GRANTED** to the extent that evidence which relates to the operation and efficacy of the defendants' treatment system is inadmissible at trial. Such evidence is not relevant to whether the defendants discharged wastewater without a permit or in violation of any permit; however, the defendants may revisit the concern should the evidence at trial result in a perceived need for testimony as to this issue.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of February, 2012.

JUDGE TOM STAGG